# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **TITUS ABAYOMI AKINDAMINI,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **PAM BONDI, ATTORNEY GENERAL;** | § | No.  3:26-CV-00679-LS |
| **KRISTI NOEM, SECRETARY OF THE** | § | |
| **DEPARTMENT OF HOMELAND** | § | |
| **SECURITY; AND MARY DEANDRA** | § | |
| **YBARA, U.S. ICE FIELD OFFICE** | § | |
| **DIRECTOR,** | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DISMISSING CASE

Petitioner Titus Abayomi Akindamini seeks a writ of habeas corpus ordering his release from immigration custody during removal proceedings. Petitioner claims that refusal to hold a bond hearing violates his Due Process rights.[1] Respondents concede that he may request a bond hearing under 8 U.S.C. § 1226,[2] "but under information and belief, Petitioner has not asked for such a hearing."[3] The government has not denied bond or refused a bond hearing, and the Board of Immigration Appeals has not reviewed any decision. Therefore, Petitioner has not exhausted his administrative remedies,[4] and the issue of whether denying bond or refusing a bond hearing would violate Due Process is not ripe for review.[5] The Court accordingly **DISMISSES** this action without prejudice, and all pending motions are **DENIED AS MOOT**.

---

[1] *See* ECF No. 3 at 2.

[2] *See* ECF No. 6 at 2.

[3] *Id.* at 2–3.

[4] *See Lee v. Gonzales*, 410 F.3d 778, 786 (5th Cir. 2005) ("[A] petitioner must exhaust available avenues of relief and turn to habeas only when no other means of judicial review exists.").

[5] *See Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) ("[A] case is not ripe if further factual development is required.").

**SO ORDERED**.

**SIGNED** and **ENTERED** on April 17, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**